FILED
2025 Dec-22  AM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **Deere & Company,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **25-cv-** |
| | ) | |
| **Anastasios Alexander** | ) | |
| **Hatzopoulos, Bussey Brothers** | ) | |
| **Auction Service LLC, Jeff Martin** | ) | |
| **Auctioneers, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

For its Complaint against Defendants Anastasios Alexander Hatzopoulos, Bussey Brothers Auction Service LLC, and Jeff Martin Auctioneers, Inc., Plaintiff Deere & Company states as follows:

## PARTIES

1.    Plaintiff Deere & Company ("Deere") is a corporation with its principal place of business in Illinois and incorporated under the laws of Delaware. Deere lawfully conducts business in Alabama.

2.    Defendant Anastasios Alexander Hatzopoulos is an individual domiciled in Jackson County, Alabama who entered into several contracts to be performed in Jackson County, Alabama.

3.     Defendant Bussey Brothers Auction Service LLC ("Bussey Brothers") is a limited liability company located in Ohio. It subjected itself to personal jurisdiction in Alabama by working with Hatzopoulos to breach Hatzopoulos's contracts with Deere by auctioning Deere's collateral and ensuring that the equipment was transported from Jackson County, Alabama.

4.     Defendant Jeff Martin Auctioneers, Inc., doing business as Freije & Freije, ("Freije") is a corporation formed under Mississippi law with its principal place of business in Mississippi. It subjected itself to personal jurisdiction in Alabama by working with Hatzopoulos to breach Hatzopoulos's contracts with Deere by auctioning Deere's collateral and ensuring that the equipment was transported from Jackson County, Alabama.

## JURISDICTION & VENUE

5.     This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

6.     Deere is a citizen of Illinois and Delaware because it is a corporation with its principal place of business in Illinois and incorporated under the laws of Delaware.

7.     Hatzopoulos is a citizen of Alabama because he is domiciled in Alabama.

2

8.     Bussey Brothers is a citizen of Ohio because member is an individual domiciled in Ohio.

9.     Freije is a citizen of Mississippi because it a corporation formed under Mississippi law with its principal place of business in Mississippi.

10.     The amount in controversy is satisfied because Hatzopoulos's debt to Deere exceeds $75,000 and the value of Deere's collateral exceeds $75,000.

11.     Venue is proper in the Northeastern Division of the Northern District of Alabama because Hatzopoulos resides in this district, a substantial part of the events or omissions giving rise to Deere's claims occurred in this district, and a substantial part of property that is the subject of this action is situated in this district.

## FACTS COMMON TO ALL COUNTS

12.     Over the last year, Hatzopoulos has purchased the Deere Collateral from TriGreen Equipment LLC in Scottsboro, Alabama with financing from Deere.

13.     On August 9, 2024, Hatzopoulos executed a Loan Contract - Security Agreement (the "5832 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| GATOR XUV835M HVAC (Model Year 2024) | 1M0835MDLRM072075 |
| Z530M ZTrak | 1GX530MFVRR055391 |

(the "5832 Collateral"). A true and correct copy of the 5832 Contract is attached hereto as Exhibit 1.

3

14.    To perfect its security interest in the 5832 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 2.

15.    On August 9, 2024, Hatzopoulos executed a Loan Contract - Security Agreement (the "5973 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| RT3073 73FOR ROTARY TILLER | 1XFRT30XTN0229957 |
| AP12G FXD PALLETFRK GBLLDR | 1XFAP12GCP0033358 |
| 5075E Cab Utility Tractor | 1PY5075EERR902595 |
| 520M STD FARM LOADER | 1P0520MXTRD108543 |
| RC10R Pull-Type Center Drive Rotary Cutter - 540 RPM PTO | 1P0RC1RELRP000587 |

(the "5973 Collateral"). A true and correct copy of the 5973 Contract is attached hereto as Exhibit 3.

16.    To perfect its security interest in the 5973 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 4.

17.    On September 5, 2024, Hatzopoulos executed a Loan Contract - Security Agreement (the "2153 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| XUV825M UTILITY VEHICLE | 1M0825MHTNM050017 |

(the "2153 Collateral"). A true and correct copy of the 2153 Contract is attached hereto as Exhibit 5.

18.    To perfect its security interest in the 2153 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 6.

19.    On September 18, 2024, Hatzopoulos executed a Loan Contract - Security Agreement (the "6952 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| 331 P COMPACT TRACK LOADER | 1T0331PAJRFD03852 |
| 84 TOOTH BKT | AT321181 |

(the "6952 Collateral"). A true and correct copy of the 6952 Contract is attached hereto as Exhibit 7.

20.    To perfect its security interest in the 6952 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 8.

21.    On April 3, 2025, Hatzopoulos executed a Loan Contract - Security Agreement (the "2063 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| 333 P-Tier Compact Track Loader | 1T0333PAPSFD07463 |

(the "2063 Collateral"). A true and correct copy of the 2063 Contract is attached hereto as Exhibit 9.

22.    To perfect its security interest in the 2063 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 10.

23.    On June 2, 2025, Hatzopoulos executed a Loan Contract - Security Agreement (the "9298 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| RT3073 73FOR ROTARY TILLER | 1XFRT30XJR0245487 |
| 5075E Cab Utility Tractor | 1PY5075EVSS429421 |
| 520M Loader | 1P0520MXCSD114606 |
| RC10M Pull-Type Center Drive Rotary Cutter - 540 RPM PTO | 1P0RC1MECSP001781 |

(the "9298 Collateral"). A true and correct copy of the 9298 Contract is attached hereto as Exhibit 11.

24.    To perfect its security interest in the 9298 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 12.

25.    On October 7, 2025, Hatzopoulos executed a Loan Contract - Security Agreement (the "3715 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| 333 P-Tier Compact Track Loader | 1T0333PAASFD10547 |
| 84 EDGE BKT | AT322311 |

(the "Collateral"). A true and correct copy of the 3715 Contract is attached hereto as Exhibit 13.

26.    To perfect its security interest in the 3715 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 14.

27.    On October 14, 2025, Hatzopoulos executed a Loan Contract - Security Agreement (the "5674 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| 60 P-Tier Compact Excavator | 1FF060PAERJ003721 |
| 24BKT | BYT10991 |
| THUMB KIT | BYT11748 |

(the "5674 Collateral"). A true and correct copy of the 5674 Contract is attached hereto as Exhibit 15.

28.    To perfect its security interest in the 5674 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 16.

29.    On October 17, 2025, Hatzopoulos executed a Loan Contract - Security Agreement (the "6787 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| 60 P-Tier Compact Excavator | 1FF060PACSJ003953 |

| 13BKT | BYT10987 |
|---|---|
| 36BKT | BYT10996 |
| THUMB KIT | BYT11748 |

(the "6787 Collateral"). A true and correct copy of the Contract is attached hereto as Exhibit 17.

30.    To perfect its security interest in the 6787 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 18.

31.    On October 23, 2025, Hatzopoulos executed a Loan Contract - Security Agreement (the "8532 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| 333 P-Tier Compact Track Loader | 1T0333PAPSFD12873 |
| 84 TOOTH BKT | AT321181 |

(the "8532 Collateral"). A true and correct copy of the Contract is attached hereto as Exhibit 19.

32.    To perfect its security interest in the 8532 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 20.

33.    On October 23, 2025 Hatzopoulos executed a Loan Contract - Security Agreement (the "9537 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| GATOR XUV 845M HVAC (Model Year 2025) | 1M0845MDVSM011650 |
| GATOR XUV 845M HVAC (Model Year 2025) | 1M0845MDVSM011941 |

(the "9537 Collateral"). A true and correct copy of the 9537 Contract is attached hereto as Exhibit 21.

35. To perfect its security interest in the 9537 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 22.

35. On October 23, 2025, Hatzopoulos executed a Loan Contract - Security Agreement (the "2224 Contract") to finance the purchase of the following:

| Model | Serial No. |
|---|---|
| AP12G FXD PALLETFRK GBLLDR | 1XFAP12GLR0036906 |
| 1025R Sub-Compact Utility Tractor (18 PTO hp) | 1LV1025RCRR888771 |
| 120R Loader | 1P0120RSARD217816 |
| 260B BACKHOE | 1LV0260BKR0070795 |
| AB13G - Bale Spear - Heavy Duty Single Tine - Global Carrier | 1XFAB13GCS0025256 |
| 5075E Cab Utility Tractor | 1PY5075EASS431123 |
| 520M Loader | 1P0520MXCSD113091 |

9

| 60D AutoConnect 7-Iron Mid-Mount Side Discharge Mower (1023E, 1025R and 2025R) | 1M02060DHSM113953 |
| --- | --- |
| FC15E Flex Wing Rotary Cutter | 1P0FC3ECPSD002437 |

(the "2224 Collateral").[1] A true and correct copy of the 2224 Contract is attached hereto as Exhibit 23.

36.    To perfect its security interest in the 2224 Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as Exhibit 24.

37.    In each contract, Hatzopoulos agreed to keep the Collateral in Jackson County, Alabama.

38.    In each contract, Hatzopoulos agreed that he would "be in default if: (a) you fail to remit to us any Installment Payment or other payment when due; (b) you breach any other provision of this Contract; (c) you remove any Equipment from the United States; (d) a petition is filed by or against you or any guarantor under any bankruptcy, attachment, execution or insolvency law or you or any such guarantor make an assignment for the benefit of creditors; (e) a default occurs under any other agreement between you (or any of your affiliates) and us (or any of our affiliates); (f) you or any guarantor merges with or consolidates into another entity, sells

---

[1] All of the Collateral from all of the Contracts is hereinafter collectively rereferred to as the "Collateral."

substantially all its assets, dissolves or terminates its existence, or (if an individual) dies or becomes incompetent; (g) you fail to maintain the insurance required by this Contract; or (h) if for any reason, we deem the debt or the Equipment to be insecure."

39.    In each contract, Hatzopolous agreed that, if Deere determines he is in default, Deere can, amongst other remedies, "(b) declare any other agreements between you and us in default; (c) terminate any of your rights (but none of your obligations) under this Contract and any other agreement between you and us (or any of our affiliates); (d) require you to deliver the Equipment to us in the manner outlined below, or take possession of the Equipment[.]"

40.    Hatzopolous has sold one or more pieces of Deere's Collateral without paying off Deere's loan and satisfying Deere's Lien.

41.    Hatzopolous has moved one or more pieces of Deere's Collateral from Jackson County, Alabama and keeps the Collateral outside of Jackson County, Alabama.

42.    Hatzopolus has sold, transferred, and/or otherwise removed from Jackson County, Alabama the following collateral without satisfying Deere's loans and liens

| Model | Serial Number | Party In Possession / Purchaser |
|---|---|---|
| 333P | 1T0333PAPSFD12873 | Bussey Bros Auctioneers |
| 5075E | 1PY5075EASS431123 | Bussey Bros Auctioneers |
| 5075E | 1PY5075EVSS429421 | Bussey Bros Auctioneers |
| 5105M | 1PY5105MCSB002694 | Unknown |

| | | |
|---|---|---|
| 5075E | 1PY5075EERR902595 | Unknown |
| 331P | 1T0331PAJRFD03852 | Unknown |
| 333P | 1T0333PAASFD10547 | Freije & Freije Auctioneers |
| 333P | 1T0333PAPSFD07463 | A-1 EQUIPMENT |
| 5075E | 1PY5075EASS431123 | Bussey Bros Auctioneers |
| 60P | 1FF060PAERJ003721 | Bussey Bros Auctioneers |
| 60P | 1FF060PACSJ003953 | Bussey Bros Auctioneers |

43.   On November 18, 2025, Deere notified Hatzopolous that he was in default on all of his loans with Deere. A true and correct copy of Deere's Notice of Default is attached hereto as Exhibit 25.

44.   Deere has incurred damages, including diminished value, attorneys' fees, litigation expenses, and collection costs.

45.   All conditions precedent to filing this action are satisfied.

**COUNT ONE**
**Breach of Contract—Account No. 6952**
**(Against Hatzopoulos Only)**

46.   Deere herby adopts and incorporates all prior factual allegations.

47.   Hatzopolus entered into the 6952 Contract with Deere.

48.   Deere satisfied all of its obligations under the 6952 Contract by financing Hatzopolus's purchase of the 6952 Collateral.

49.   Hatzopolus has failed to perform his obligations under the 6952 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

50.     Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT TWO**
**Breach of Contract—Account No. 5832**
**(Against Hatzopoulos Only)**

51.     Deere herby adopts and incorporates all prior factual allegations.

52.     Hatzopolus entered into the 5832 Contract with Deere.

53.     Deere satisfied all of its obligations under the 5832 Contract by financing Hatzopolus's purchase of the 5832 Collateral.

54.     Hatzopolus has failed to perform his obligations under the 5832 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

55.     Deere properly cross-defaulted the 5832 Contract due to Hatzopolus's breach of the 6952 Contract.

56.     Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT THREE**
**Breach of Contract—Account No. 5973**
**(Against Hatzopoulos Only)**

57.     Deere herby adopts and incorporates all prior factual allegations.

58.     Hatzopolus entered into the 5973 Contract with Deere.

59.     Deere satisfied all of its obligations under the 5973 Contract by financing Hatzopolus's purchase of the 5973 Collateral.

60.     Hatzopolus has failed to perform his obligations under the 5973 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

61. Deere properly cross-defaulted the 5973 Contract due to Hatzopolus's breach of the 6952 Contract.

62. Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT FOUR
### Breach of Contract—Account No. 2153
### (Against Hatzopoulos Only)

63. Deere herby adopts and incorporates all prior factual allegations.

64. Hatzopolus entered into the 2153 Contract with Deere.

65. Deere satisfied all of its obligations under the 2153 Contract by financing Hatzopolus's purchase of the 2153 Collateral.

66. Hatzopolus has failed to perform his obligations under the 2153 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

67.     Deere properly cross-defaulted the 2153 Contract due to Hatzopolus's breach of the 6952 Contract.

68.     Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT FIVE**
**Breach of Contract—Account No. 2063**
**(Against Hatzopoulos Only)**

69.     Deere herby adopts and incorporates all prior factual allegations.

70.     Hatzopolus entered into the 2063 Contract with Deere.

71.     Deere satisfied all of its obligations under the 2063 Contract by financing Hatzopolus's purchase of the 2063 Collateral.

72.     Hatzopolus has failed to perform his obligations under the 2063 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

73.     Deere properly cross-defaulted the 2063 Contract due to Hatzopolus's breach of the 6952 Contract.

74.     Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

### COUNT SIX
### Breach of Contract—Account No. 9298
### (Against Hatzopoulos Only)

75.     Deere herby adopts and incorporates all prior factual allegations.

76.     Hatzopolus entered into the 9298 Contract with Deere.

77.     Deere satisfied all of its obligations under the 9298 Contract by financing Hatzopolus's purchase of the 9298 Collateral.

78.     Hatzopolus has failed to perform his obligations under the 9298 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

17

79.     Deere properly cross-defaulted the 9298 Contract due to Hatzopolus's breach of the 6952 Contract.

80.     Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

### COUNT SEVEN
### Breach of Contract—Account No. 3715
### (Against Hatzopoulos Only)

81.     Deere herby adopts and incorporates all prior factual allegations.

82.     Hatzopolus entered into the 3715 Contract with Deere.

83.     Deere satisfied all of its obligations under the 3715 Contract by financing Hatzopolus's purchase of the 3715 Collateral.

84.     Hatzopolus has failed to perform his obligations under the 3715 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

18

85.     Deere properly cross-defaulted the 3715 Contract due to Hatzopolus's breach of the 6952 Contract.

86.     Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT EIGHT**
**Breach of Contract—Account No. 5674**
**(Against Hatzopoulos Only)**

87.     Deere herby adopts and incorporates all prior factual allegations.

88.     Hatzopolus entered into the 5674 Contract with Deere.

89.     Deere satisfied all of its obligations under the 5674 Contract by financing Hatzopolus's purchase of the 5674 Collateral.

90.     Hatzopolus has failed to perform his obligations under the 5674 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

19

91.    Deere properly cross-defaulted the 5674 Contract due to Hatzopolus's breach of the 6952 Contract.

92.    Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT NINE**
**Breach of Contract—Account No. 6787**
**(Against Hatzopoulos Only)**

93.    Deere herby adopts and incorporates all prior factual allegations.

94.    Hatzopolus entered into the 6787 Contract with Deere.

95.    Deere satisfied all of its obligations under the 6787 Contract by financing Hatzopolus's purchase of the 6787 Collateral.

96.    Hatzopolus has failed to perform his obligations under the 6787 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

97.     Deere properly cross-defaulted the 6787 Contract due to Hatzopolus's breach of the 6952 Contract.

98.     Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT TEN**
**Breach of Contract—Account No. 8532**
**(Against Hatzopoulos Only)**

99.     Deere herby adopts and incorporates all prior factual allegations.

100.    Hatzopolus entered into the 8532 Contract with Deere.

101.    Deere satisfied all of its obligations under the 8532 Contract by financing Hatzopolus's purchase of the 8532 Collateral.

102.    Hatzopolus has failed to perform his obligations under the 8532 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

103.   Deere properly cross-defaulted the 8532 Contract due to Hatzopolus's breach of the 6952 Contract.

104.   Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT ELEVEN
### Breach of Contract—Account No. 9537
### (Against Hatzopoulos Only)

105.   Deere herby adopts and incorporates all prior factual allegations.

106.   Hatzopolus entered into the 9537 Contract with Deere.

107.   Deere satisfied all of its obligations under the 9537 Contract by financing Hatzopolus's purchase of the 9537 Collateral.

108.   Hatzopolus has failed to perform his obligations under the 9537 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

22

109.   Deere properly cross-defaulted the 9537 Contract due to Hatzopolus's breach of the 6952 Contract.

110.   Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT TWELVE**
**Breach of Contract—Account No. 2224**
**(Against Hatzopoulos Only)**

111.   Deere herby adopts and incorporates all prior factual allegations.

112.   Hatzopolus entered into the 2224 Contract with Deere.

113.   Deere satisfied all of its obligations under the 2224 Contract by financing Hatzopolus's purchase of the 2224 Collateral.

114.   Hatzopolus has failed to perform his obligations under the 2224 Contract; specifically, he has removed the 6952 Collateral, sold the 6952 Collateral to a third-party, and has failed and/or refused to satisfy Deere's loan and lien on the 6952 Collateral.

23

115.   Deere properly cross-defaulted the 2224 Contract due to Hatzopolus's breach of the 6952 Contract.

116.   Hatazopolus's breach was the proximate cause of Deere's harm.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

### COUNT THIRTEEN
### Conspiracy
### (Against Hatzopoulos Only)

117.   Deere herby adopts and incorporates all prior factual allegations.

118.   Despite his contractual obligations to Deere to keep the Collateral in Alabama, protect Deere's security interest, and remain in possession of the Collateral, Hatzopoulos reach an agreement with others to violate his contractual obligations, and to negligently and/or wantonly sell Deere's Collateral outside of its security interest, by auctioning the equipment and selling to third-parties without satisfying Deere's lien.

24

119.  If any person or entity conducted a UCC-1 search, they would have found Deere's recorded UCC-1 financing statements.

120.  Despite having recorded UCC-1 financing statements, Hatzopoulos and Bussey Brothers auctioned and sold Deere's collateral to third-parties. This was an over act in furtherance of the conspiracy.

121.  Despite having recorded UCC-1 financing statements, Jeff Martin Auctioneers, Inc. offered Deere's collateral for auction and/or sale.

122.  Hatzopolous work in concert with two or more persons to convert Deere's security interest by unlawful means.

123.  As the proximate result thereof, Deere was harmed.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT FOURTEEN
### Declaratory Judgment
### (Against All Defendants)

124.  Deere herby adopts and incorporates all prior factual allegations.

25

125.   Deere has a perfected security interest in all of its Collateral that gives it a first priority lien on all collateral.

126.   Under the UCC-1 financing statements securing all of Deere's Collateral, Deere's security interest is cross-collateralized amongst all of Deere's Collateral.

127.   A justiciable controversy exists about Hatzopolus, Bussey Brothers, and Freije's ability to sell the equipment without paying Deere all proceeds until its cross-collateralized liens are satisfied.

128.   Defendants have sold, or offered to sell, Deere's collateral without paying all proceeds to Deere.

WHEREFORE, Deere & Company requests a judgment declaring and providing:

A.   Deere has a first priority security interest in all of its Collateral;

B.   Deere's security interest is cross-collateralized amongst all of its Collateral;

C.   Deere is entitled to all of the proceeds from any sell of its Collateral until all of its loans are satisfied; and

D.   For such other, further, and different relief as this Court deems necessary and proper.

**COUNT FIFTEEN**
**Detinue & Replevin**
**(Against Hatzopoulos Only)**

129.   Deere herby adopts and incorporates all prior factual allegations.

130.   Hatzopoulos has possession, or alternatively he has constructive possession through his agent's actual possession, of Deere's Collateral to which Deere is entitled by virtue of its valid security interest.

131.   Hatzopoulos has failed and/or refused to turn over Deere's Collateral to Deere.

132.   Hatzopoulos has exercised dominion and control over Deere's Collateral and have wrongfully refused to place Deere in possession of its collateral.

WHEREFORE, Deere & Company demands judgment against Anastasios Alexander Hatzopoulos and entry of an order requiring that Deere's Collateral be delivered to it and for a judgment in the amount to be calculated to compensate Deere & Company for the loss and use of diminution in value of Deere's Collateral while it has been wrongfully withheld by Anastasios Alexander Hatzopoulos. Deere & Company further demands judgment against Anastasios Alexander Hatzopoulos for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate Deere & Company for the above described damages, together with interest from the date of

27

the breach, collection expenses, attorneys' fees, the costs of this action, as well as

other, further, and different relief as this Court deems necessary and proper.


/s/ T. Dylan Reeves
T. Dylan Reeves
Attorney For Deere & Company

**OF COUNSEL:**
MCGLINCHEY STAFFORD
505 North 20th Street, Suite 800
Birmingham, AL 35203
(205) 725-6400 (telephone)
(615) 296-4716 (facsimile)
dreeves@mcglinchey.com

## SERVICE LIST

Anastasios Alexander Hatzopoulos
64 County Road 452
Section, AL 35771

Bussey Brothers Auction Service LLC
c/o Grant Bussey, registered agent
4938 State Route 49
Greenville, OH 45331

Jeff Martin Auctioneers, Inc.
c/o URS Agents, LLC
150 W. Market Street, Suite 400,
Indianapolis, IN, 46204