Docusign Envelope ID: 9A619497-E43A-4C1D-84C1-B23699485753

Case 5:25-cv-02177-LCB    Document 1-9    Filed 12/22/25    Page 1 of 6

FILED
2025 Dec-22 AM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



THIS IS A COPY
The Authoritative Copy of this record is held at na2et.



PLAINTIFF'S EXHIBIT 9

AG/C&CE Business or Commercial Use
Application ID: 14325022
Version Number: 3

**FIXED RATE CONTRACT**

# LOAN CONTRACT - SECURITY AGREEMENT
Contract Begin Date : 04/03/2025

| SELLER'S NAME AND ADDRESS | | | |
|---|---|---|---|
| **TriGreen Equipment LLC**<br>**26685 John T Reid Parkway**<br>**Scottsboro, AL 35768-9302** | | DEALER NUMBER | PHONE NUMBER<br>-0704 |

| BORROWER'S NAME AND PHYSICAL ADDRESS | | | |
|---|---|---|---|
| **ANASTASIOS ALEXANDER HATZOPOULOS**<br>**64 COUNTY ROAD 452**<br>**SECTION, AL 35771-8947** | BORROWER'S<br>SOC. SEC. NUMBER<br>***-**-4256 | BORROWER'S<br>PHONE NO.<br>6-7696 | TYPE OF<br>BUSINESS |
| BORROWER RESIDES IN (County/State)<br>**JACKSON, AL** | | BORROWER AGREES TO KEEP GOODS IN (County/State)<br>**JACKSON, AL** | |

**1. Parties.** This Loan Contract-Security Agreement ("Contract") is entered into between Deere & Company ("we", "us" or "our") and the borrower(s) indicated above ("you" or "your"). If more than one borrower is indicated, each borrower shall be jointly and severally liable for all of the obligations under this Contract.

**2. Loan.** You hereby apply for a loan in the Amount Financed shown below, which, if accepted by us, the loan will be (a) subject to the terms and conditions set forth in this Contract, and (b) used to finance the balance due on the purchase from the Seller of the equipment and/or services described below (the "Equipment"). All attachments and accessories itemized on this Contract and all replacements, parts and repairs to the Equipment shall form part of the Equipment.

**3. Installment Payments.** In addition to any down payment, you agree to pay us the Amount Financed, together with finance charges from the Date Finance Charge Begins, at the Annual Percentage Rate, by remitting each of the Installment Payments on or before the due dates indicated. Any amounts applied to this Contract will be applied first to any late charges, any charges for dishonored checks and any other fees or costs due under this agreement, then to finance charges, computed on the date the payment is received and the remainder to the Amount Financed. You agree that your payments will be applied as of the date of receipt if received by 11:00 a.m. Central Time Monday through Friday (otherwise next business day); but if payment is not accompanied by the payment stub, is not in the envelope we provided, includes other items such as other checks, staples or paper clips, or is not received at that location, credit may be delayed up to five days. This Contract is not accepted by us until we sign it, or send notice to you of our acceptance, even if you have made a payment to us. You agree to remit to us the Installment Payments and all other amounts when due and payable each Billing Period, even if we do not send you a bill or an invoice. **YOUR PAYMENT OBLIGATIONS ARE ABSOLUTE AND UNCONDITIONAL, AND ARE NOT SUBJECT TO CANCELLATION, REDUCTION OR SETOFF FOR ANY REASON WHATSOEVER.** For any scheduled payment which is not received by its due date, you agree to pay us interest on the unpaid amount at a rate of 20% per annum on that scheduled payment, but in no event more than the maximum lawful rate, from the due date until paid. Restrictive endorsements on checks you send to us will not change or reduce your obligations to us. We will not lose any rights if we accept late or partial payments or delay enforcing our rights under this Contract. If a check or electronic payment authorization you give us is dishonored upon first presentment, you agree to pay us a fee of $25.00, or the maximum amount permitted by law, whichever is less. Installment Payments and other payments, including proceeds of insurance or any sale of the Equipment, may be applied, at our discretion and in spite of any instructions you may provide, to any obligation you may have to us or any of our affiliates. If the total of all payments made by you exceeds the total of all amounts due under this Contract by less than $25.00, we may retain such excess.

| EQUIPMENT PURCHASED | | | | |
|---|---|---|---|---|
| QTY | NEW/<br>USED | MANUFACTURER | EQUIPMENT DESCRIPTION | AMOUNT |

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | 04/03/2025 04:55 PM | Settlement Nbr: 14325022<br>Application ID: 14325022 | Equipment Type: Agriculture  Agricultural<br>Version Number: 3 | Page 1 of 6 |
|---|---|---|---|---|
| Revision Date: 5 November 2023 | | | | |



Docusign Envelope ID: 9A619497-E43A-4C1D-84C1-B23699485753
Case 5:25-cv-02177-LCB   Document 1-9   Filed 12/22/25   Page 2 of 6
THIS IS A COPY
The Authoritative Copy of this record is held at na2.docusign.net

| 1 | NEW | JOHN DEERE | 333 P-Tier Compact Track Loader | $106,500.00 |
|---|---|---|---|---|
| PRODUCT ID NO.  1T0333PAPSFD07463 | | | | |

| TRADE-IN and CASH DOWN PAYMENT | | | | | |
|---|---|---|---|---|---|
| QTY | MFR. | MODEL | DESCRIPTION OF TRADE-IN (From Purchase Order) | PRODUCT ID NO. | AMOUNT |
| | | | | TOTAL TRADE-IN: | $0.00 |
| | | | | CASH DOWN PAYMENT: | $15,000.00 |
| | | | | RENTAL APPLIED: | $0.00 |
| | | | | TOTAL TRADE-IN PLUS CASH DOWN: | $15,000.00 |

| INSTALLMENT PAYMENTS | | |
|---|---|---|
| DATE FINANCE CHARGE BEGINS:  **April 3, 2025** | | |
| *The first Installment Payment Due Date is May 3, 2025 and each successive Installment Payment is due on the same day of the Month thereafter, (the "Billing Period"), unless otherwise provided below;* | | |
| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | DUE DATE |
| 60 | $1,814.96 | May 3, 2025 |

The amounts shown below as Finance Charge, Total of Payments and Total Sale Price are estimates based upon the assumption that payments will be made on the scheduled payment due date according to the installment schedule.  The actual Finance Charge, Total of Payments, and Total Sale Price may vary depending upon the early or late payment of scheduled installments.

| ITEMIZATION OF AMOUNT FINANCED | | |
|---|---|---|
| SALES TAX  (Paid to Govt. Agencies) | | $2,662.50 |
| CASH PRICE  (Including Tax) | 1 | $109,162.50 |
| TOTAL DOWN PAYMENT  (Sum of Trade-In & Cash Down Payment) | 2 | $15,000.00 |
| UNPAID BALANCE OF CASH PRICE (The amount credited to your account with us) | 3 | $94,162.50 |
| INSURANCE  (Physical Damage Paid to Insurance Companies) | 4 | $8,406.00 |
| ORIGINATION FEES | 4A | $300.00 |
| OFFICIAL FEES  (Paid to Public Officials) | 5 | $30.25 |
| AMOUNT FINANCED  (Lines 3, 4, 4A,  5 & 5A (If Applicable) ) The amount of credit provided to you. | 6 | $102,898.75 |
| FINANCE CHARGE (Based on Line 6) The dollar amount the credit will cost you. | 7 | $5,998.85 |
| TOTAL OF PAYMENTS  (Lines 6 & 7) The amount you will have paid after you have made all payments as scheduled. | 8 | $108,897.60 |
| ANNUAL PERCENTAGE RATE (The cost of your credit as a yearly rate) | | 2.25% |
| TOTAL SALE PRICE  (Lines 1, 4, 4A,  5, 5A (If Applicable), & 7) The total price of your purchase on credit, including the Total Down Payment of $15,000.00. | | $123,897.60 |

**4. Prepayment.**  You may prepay your obligations under this Contract in full at any time by paying the unpaid principal balance and any earned and unpaid finance charges.  The unpaid principal balance includes any origination fee.

**5. Security Interest; Missing Information.**  You grant us and our affiliates a security interest in the Equipment (and all proceeds thereof) to secure all of your obligations under this Contract and any other obligations which you may have to us or any of our affiliates or assignees at any time and you agree that any security interest you have granted or hereafter grant to us or any of our affiliates shall also secure your obligations under this Contract. You agree that we may act as agent for our affiliates and our affiliates may act as agent for us, in order to perfect and realize on any security interest described above. Upon receipt of all amounts due and to become due under this Contract, we will release our security interest in the Equipment (but not the security interest for amounts due an affiliate), provided no event of default has occurred and is continuing.  You agree to keep the Equipment free and clear of all liens and encumbrances, except those in favor of us and our affiliates as described above, and to promptly notify us if a lien or encumbrance is placed or threatened against the Equipment.  You irrevocably authorize us, at any time, to (a) insert or correct information on this Contract, including your correct legal name, serial numbers and Equipment descriptions; (b) submit notices and proofs of loss for any required insurance; (c) endorse your name on remittances for insurance and Equipment sale or lease proceeds; and (d) file a financing statement(s) which describes either the Equipment or all equipment currently or in the future financed by us. Notwithstanding any other election you may make, you agree that (1) we can access, retain and use, at any times we elect, any information regarding the location, maintenance, operation and condition of the Equipment; (2) you irrevocably authorize anyone in possession of that information to provide all of that information to us upon our request until our security interest in the Equipment is terminated; (3)  you will not disable or otherwise interfere with any information gathering or transmission device within or attached to the Equipment; and (4) we may reactivate any such device.

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | 04/03/2025 04:55 PM | Settlement Nbr:  14325022 Application ID:  14325022 | Equipment Type:  Agriculture  Agricultural Version Number:  3 | Page 2 of 6 |
|---|---|---|---|---|
| Revision Date: 5 November 2023 | | | | |



**6. Equipment Maintenance, Operation and Use.**  You agree to (a) **USE THE EQUIPMENT ONLY FOR AGRICULTURAL, BUSINESS OR COMMERCIAL PURPOSES AND NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES;** (b) operate and maintain the Equipment in accordance with all (1) applicable laws, ordinances and regulations, (2) manuals and other instructions issued by the manufacturer(s) and supplier(s), including any warranty coverage requirements and (3) insurance policy terms and requirements; (c) keep the Equipment in as good a condition as when delivered to you, reasonable wear excepted, including performing (at your own expense) all necessary maintenance and repairs; (d) allow us and our agent(s) to inspect the Equipment and all of your records related to its use, maintenance and repair, at any reasonable time; and (e) not permit the Equipment to be used by, or to be in the possession of, anyone other than you or your employees.

**7. Insurance.**  You agree, at your cost, to maintain all-risk insurance coverage with respect to the Equipment for no less than its full replacement value, naming us (and our successor and assigns) as sole loss payee.  You may choose who provides that insurance, but that insurance must be with companies and policies acceptable to us.  Your obligation to insure the Equipment continues until all your other obligations under this Contract are satisfied. Each insurance policy must provide that (1) our interest in the policy will not be invalidated by any act, omission, breach or neglect of anyone other than us; (2) the insurer will give us at least 30 days' prior written notice before any cancellation of, non-renewal of, or material change to, the policy; and (3) such coverage shall be primary over any insurance purchased by us (or our affiliates).

Unless you provide us with evidence of the required insurance coverage's, we may, but are not required to, purchase insurance, at your expense, to protect our interests in the Equipment and charge you an insurance fee on which we may make a profit.  This insurance may not (1) protect your interests; or (2) pay any claim that you make or any claim that is made against you in connection with the Equipment.  You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained the insurance required by this Contract.  **THE COST OF THE INSURANCE MAY BE MORE THAN THE COST OF THE INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN. THE COVERAGES OF THAT INSURANCE MAY BE DIFFERENT FROM THE COVERAGES OF INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN.** You agree to pay us the cost of any insurance plus a $150 insurance placement and service fee.  You will immediately pay that amount to us or we may, at our sole discretion, add that cost to the Account Balance and increase the required Installment Payments accordingly.

If a default occurs, you authorize us to cancel the insurance on the Equipment and apply any returned premiums to the Account Balance.

If the cost of the insurance was included in the Amount Financed, that insurance will terminate (a) if your debt to us is discharged, (b) if we release our security interest in the Equipment, (c) if a default occurs and we cancel the insurance, (d) if the Equipment is repossessed, (e) if the Floater Policy under which you purchased that insurance terminates, or (f) on the due date of the final scheduled Installment Payment.

**8. Loss or Damage.**  Until all of your obligations under this Contract are satisfied, you are responsible for all risk of loss and damage, loss, theft, destruction or seizure of the Equipment (an "Event of Loss").  You must promptly notify us of any Event of Loss.  If the Equipment can be repaired or replaced, you agree to promptly repair or replace the Equipment, at your cost, and the terms of this Contract will continue to apply.  If the Equipment cannot be repaired or replaced, you agree to immediately pay us the Account Balance.  Upon receipt of the Account Balance, we will release our security interest in the Equipment.  All insurance proceeds must be paid directly to us, and we may apply any excess insurance proceeds to any other amounts you owe us or any of our affiliates.

**9. Default.** We may determine you to be in default if: (a) you fail to remit to us any Installment Payment or other payment when due; (b) you breach any other provision of this Contract; (c) you remove any Equipment from the United States; (d) a petition is filed by or against you or any guarantor under any bankruptcy, attachment, execution or insolvency law or you or any such guarantor make an assignment for the benefit of creditors; (e) a default occurs under any other agreement between you (or any of your affiliates) and us (or any of our affiliates); (f) you or any guarantor merges with or consolidates into another entity, sells substantially all its assets, dissolves or terminates its existence, or (if an individual) dies or becomes incompetent; (g) you fail to maintain the insurance required by this Contract; or (h) if for any reason, we deem the debt or the Equipment to be insecure.  Time is of the essence under this Contract.

---

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**

| DOC8015 | 04/03/2025 04:55 PM | Settlement Nbr: 14325022<br>Application ID: 14325022 | Equipment Type: Agriculture Agricultural<br>Version Number: 3 | Page 3 of 6 |
|---|---|---|---|---|

Revision Date: 5 November 2023



**10. Remedies.** If we determine that you are in default, we may do one or more of the following: (a) recover from you, AS LIQUIDATED DAMAGES FOR LOSS OF BARGAIN AND NOT AS A PENALTY, the Account Balance as of the date of such default, without presentment or demand; (b) declare any other agreements between you and us in default; (c) terminate any of your rights (but none of your obligations) under this Contract and any other agreement between you and us (or any of our affiliates); (d) require you to deliver the Equipment to us in the manner outlined below, or take possession of the Equipment; (e) lease or sell the Equipment or any portion thereof at a public or private sale; (f) apply the net proceeds we receive from any sale, lease or other disposition of the Equipment (after deducting all of our costs and expenses) to your obligations under this Contract, with you remaining liable for any deficiency; (g) require you to reimburse and indemnify us for all losses, claims, damages and expenses of any kind or nature whatsoever incurred in connection with the Equipment or this Contract and/or the enforcement of our remedies hereunder including, without limitation, repossession, repair and collection costs, damage awards, attorneys' fees and court and bankruptcy fees and costs; (h) exercise any other remedy available at law or in equity; and (i) take on your behalf (at your expense) any action required by this Contract which you fail to take. These remedies are cumulative, are in addition to any other remedies provided for by law, and may be exercised concurrently or separately. Any failure or delay by us to exercise any right shall not operate as a waiver of any other right or future right. In no event will the costs and expenses referred to in this section be more than those allowed by law.

If we determine that you are in default, all Equipment must be delivered to the place designated by us, at your expense and in satisfactory condition, along with all use, maintenance and repair records. Equipment is in satisfactory condition if it is in as good a condition as when the Equipment was delivered to you, reasonable wear excepted, as determined by us in our sole discretion.

**11. Assignment.** You will not assign, pledge or otherwise transfer any of your rights or interests in this Contract or any Equipment without our prior written consent. Any assignment without our consent will be void. We may assign this Contract or our interest in the Equipment at any time without notice to you and without your consent. We may provide information about you to any prospective assignee or participant. You agree not to assert against our assignee any claims, offsets or defenses which you may have against us.

**12. Representations and Warranties.** You represent, warrant and covenant to us so long as this Contract is in effect, that: (a) you will not change your name without giving us at least 30 days' prior written notice; (b) each document you sign and deliver to us is duly authorized, executed and delivered by you, and is your valid, legal and binding agreement, enforceable in accordance with its terms; (c) the execution, delivery and performance by you of this Contract does not (and will not) violate any applicable law or breach any order of court or other governmental agency, or of any undertaking you are a party to or by which you or any of your properties are bound; (d) you will comply with all applicable laws, ordinances and regulations; (e) upon execution of this Contract, the Seller shall have good and marketable title to any trade-in equipment free and clear of all liens and encumbrances whatsoever, (f) all information you have given to us is true, accurate and complete; (g) since the date of the most recent financial information given to us, no material adverse change in your business, assets, or prospects has occurred; (h) you will promptly deliver to us such financial statements, reports and other information as we may request; (i) the Equipment was selected by you; (j) the Equipment (including all manufacturer manuals and instructions) has been delivered to, and examined by, you; (k) the safe operation and the proper servicing of the Equipment were explained to you; (l) you received the written warranty applicable to the Equipment and understand that your rights under the written warranty may be limited; (m) the Equipment is unconditionally and irrevocably accepted by you as being suitable for its intended use; (n) the Equipment is in good condition and repair (operating and otherwise); (o) the Equipment shall be used only for the purpose indicated herein, will remain in your possession and will not be sold, rented or leased; and (p) you will pay all taxes assessed on the Equipment.

Unless you are an individual, you also represent, warrant and covenant to us that: (a) you are and will remain duly organized, validly existing and in good standing under the laws of your jurisdiction of organization; (b) you are qualified to do business under the laws of all other jurisdictions where qualification is required or advisable; (c) you will not change your jurisdiction of organization or organization type without at least 30 days' prior written notice to us; and (d) the execution, delivery and performance by you of this Contract will not breach any provision of your organizational documents.

If you are an individual, you agree not to move your residence to a different county or state without at least 30 days' prior written notice to us.

| THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE |||
|---|---|---|
| DOC8015 | 04/03/2025 04:55 PM  Settlement Nbr: 14325022  Application ID: 14325022 | Equipment Type: Agriculture Agricultural  Version Number: 3   Page 4 of 6 |
| Revision Date: 5 November 2023 |||



Docusign Envelope ID: 9A619497-E43A-4C1D-84C1-B23699485753
Case 5:25-cv-02177-LCB   Document 1-9   Filed 12/22/25   Page 5 of 6
THIS IS A COPY
The Authoritative Copy of this record is held at na2.docusign.net

**13. Governing Law; Jurisdiction; Venue. THIS CONTRACT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF IOWA, WHERE THIS CONTRACT IS ACCEPTED AND ENTERED INTO,** except for its conflict of laws provisions. You irrevocably submit to the non-exclusive jurisdiction and venue of federal and state courts located in Des Moines, Iowa and will not claim it is an inconvenient forum for legal action. **YOU AND WE IRREVOCABLY WAIVE ANY RIGHT YOU AND WE MAY HAVE TO A JURY TRIAL.** However, you acknowledge that any Iowa state law compulsory mediation requirements will apply to this agreement or the Equipment only if you are a resident of the State of Iowa.

**14. Miscellaneous. WE HAVE NOT MADE, AND DO NOT MAKE, ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AS TO THE EQUIPMENT'S MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SUITABILITY, OR OTHERWISE. WE ARE NOT LIABLE FOR CONSEQUENTIAL OR SPECIAL DAMAGES.** You acknowledge that the Seller of the Equipment is not an agent of ours, or authorized to act for or bind us. You agree not to withhold any amount you owe us if you believe you have a claim against us, the Seller, or any manufacturer(s) of the Equipment, but to pursue that claim independently. Any claim you have against us must be made within two years after the event that caused it. All notices must be in writing and will be deemed given 5 days after mailing to the intended recipient at its address indicated above, unless changed by a notice given in accordance with this Section. This Contract supersedes and replaces all prior understandings and communications (oral or written) concerning the subject matter thereof. No part of this Contract can be amended, waived or terminated except by a writing signed by both you and us. This Contract may be signed in separate counterparts that, together, will constitute one document. A paper or facsimile transmission copy of your signature or an electronic signature shall constitute an original signature under applicable law for all purposes. If a court finds any part of this Contract to be invalid or unenforceable, the remainder of this Contract will remain in effect. You permit us, and those third parties who provide services to us, to monitor and record telephone conversations between you and us. You agree that by providing us any telephone number, including a mobile phone number, we, any debt collector we retain, and those third parties who provide services to us, can contact you using that number, including calls using an automatic dialing and announcing device and prerecorded calls. All of our rights shall remain in effect after the expiration or termination of this Contract. Any origination fee will be paid to the dealer or us and is not a document preparation fee and all documents you sign will be prepared by John Deere Financial and not by the dealer.

You and we intend to comply with all applicable laws. In no event will we charge or collect any amounts in excess of those allowed by applicable law. In the event any amount in excess of that allowed by law is charged or recovered, any such charge will be deemed limited by the amount legally allowed and any amount received by us in excess of that legally allowed will be applied by us to the payment of amounts legally allowed under this Contract, or refunded to you.

**PHYSICAL DAMAGE INSURANCE REQUIRED: If you elect Physical Damage Insurance below, such insurance does not include liability insurance coverage for bodily injury or property damage caused to others.**

| | TERM IN MONTHS | TOTAL PREMIUM |
|---|---|---|
| **INSURANCE DISCLOSURES:** You may obtain property insurance from any agent that is acceptable to us. Physical Damage Insurance will not be provided unless you sign below for the premium amount indicated. | 60 | $8,406.00 |

**By signing below, you want Physical Damage Insurance and agree to pay the premium. (Sign in this box)**

X  *Signed by:* [signature]
CCBBD4B37064?E...

ANASTASIOS ALEXANDER HATZOPOULOS

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**



Docusign Envelope ID: 9A619497-E43A-4C1D-84C1-B23699485753
Case 5:25-cv-02177-LCB   Document 1-9   Filed 12/22/25   Page 6 of 6
THIS IS A COPY
The Authoritative Copy of this record is held at na2.docusign.net

**Electronic Contract.** You agree that this Contract is an electronic record executed by you using your electronic signature. You acknowledge and agree that, by executing this Contract with your electronic signature, you are signifying your intent to enter into this Contract and that this Contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this Contract using your written signature. You agree that unless the authoritative electronic copy of this Contract ("Authoritative Copy") is converted to paper and marked as the original by us (the "Paper Contract"), the Authoritative Copy shall at all times reside in a document management system designated by us for the storage of authoritative copies of electronic records (the "DMS"), and shall be deemed held in the ordinary course of business. In the event the Authoritative Copy is converted to a Paper Contract, you acknowledge and agree that (1) your signing of this Contract also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this Contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract, and (3) your obligations will be evidenced by the Paper Contract alone after such conversion. Without limiting the foregoing, all terms and conditions of any Electronic Signature Agreement by and between you and Deere Credit Services, Inc., d/b/a John Deere Financial ("DCSI"), on behalf of itself and all affiliates of DCSI ("Electronic Signature Agreement"), including, without limitation, those terms and conditions relating to the "Electronic Signature" of an "Authorized Representative" on a "Contract" (as such terms are defined in the Electronic Signature Agreement) apply to this Contract.

**THE TERMS OF THIS CONTRACT SHOULD BE READ CAREFULLY BEFORE SIGNING BECAUSE ONLY THESE WRITTEN TERMS ARE ENFORCEABLE.  NO OTHER TERMS OR ORAL PROMISES MAY BE LEGALLY ENFORCED.  BY SIGNING THIS CONTRACT, YOU AGREE TO THE TERMS ON ALL PAGES.  THIS CONTRACT IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN YOU AND US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

I agree that I have received a completely filled in copy of this Agreement.

05/03/2025          X   *Signed by: [signature] 99DB0400785040F...*   ANASTASIOS ALEXANDER HATZOPOULOS
(Date Signed)

**THE TERMS OF THIS CONTRACT ARE CONTAINED ON MORE THAN ONE PAGE**



DOC8015    04/03/2025 04:55 PM    Settlement Nbr: 14325022    Equipment Type: Agriculture  Agricultural    Page 6 of 6
                                  Application ID: 14325022    Version Number: 3
Revision Date: 5 November 2023